452 A.2d 253

**COMMONWEALTH of Pennsylvania**

v.

**Attila J. PRISZNYAK, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Oct. 29, 1982.

138

Nathan Criste, Doylestown, for appellant.

William Platt, District Attorney, Allentown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and LIPEZ, JJ.

CERCONE, President Judge:

This is a direct appeal from judgment of sentence. Appellant was convicted by a jury of two counts of reckless endangerment,[1] two counts of criminal conspiracy,[2] two counts of possession of a controlled substance,[3] two counts of possession with intent to deliver a controlled substance,[4] and two counts of delivery of a controlled substance,[5] and sundry summary offenses. He was acquitted of two counts of aggravated assault.[6] Appellant filed timely post-verdict motions. No transcript of the notes of testimony was requested, nor one made.[7] Appellant's counsel did not file a brief, nor did he timely appear at argument on the post-verdict motions. On motion of the Commonwealth the court dismissed appellant's post-verdict motions because of his failure to brief or argue the issues raised in his post-verdict motions. Appellant was sentenced to the payment of fines and the costs of prosecution as well as various terms of imprisonment (some consecutive and some concurrent) for an aggregate sentence of nine to eighteen years. A motion for reconsideration was timely filed and denied. This appeal followed.

1. 18 Pa.C.S. § 2705.

2. 18 Pa.C.S. § 903.

3. Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended by the Act of October 26, 1972, P.L. 1048, No. 263, § 1 and by the Act of December 30, 1974, P.L. 1041, No. 340; 35 P.S. § 780–113.

4. Id.

5. Id.

6. 18 Pa.C.S. § 2702.

7. Subsequent to taking the instant appeal appellant requested and the lower court ordered transcription of the notes of testimony.

■ Appellant raises numerous issues on appeal. We need address only two of them. First, appellant contends that the lower court erred where it denied his post-verdict motions without considering their merits because of his failure to file a brief or to appear at oral argument. The lower court's order dismissing the post-verdict motions recites that it did so upon the Commonwealth's motion and based upon appellant's failure to brief his post-verdict motions or appear at the time of argument. The lower court's Rule 1925 memorandum opinion[8] states that the basis for this order was Lehigh County Common Pleas Court local rule 211.[9] As we said in the case of *Commonwealth v. Dessue,* 262 Pa. Superior Ct. 443, 396 A.2d 1254 (1978), failure to comply with local rules concerning the briefing of post-verdict motions will result in waiver of issues for appeal purposes. *See also, Schneider v. Albert Einstein Medical Center,* 257 Pa. Superior Ct. 348, 390 A.2d 1271 (1978); *Straff v. Nationwide Mutual Fire Ins. Co.,* 230 Pa. Superior Ct. 403, 326 A.2d 586 (1974). Appellant now contends that this dismissal was either an abuse of the lower court's discretion or a misconstruction of the local rule by the court. The application, construction, and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and we will interfere only where the court commits an abuse of discretion. *See McFadden v. Pennzoil Co.,* 326 Pa. 277, 191 A. 584 (1937); *Commonwealth v. Morgan,* 280 Pa. 67, 124 A. 339 (1924). *Cf. Caples v. Klugman,* 202 Pa. Superior Ct. 517, 198 A.2d 342 (1964). The rule clearly permitted the court to dismiss the post-verdict motions if it thought it appropriate to do so. We do not find it an abuse of discretion for the lower court

**8.** See Pa.R.A.P. 1925.

**9.** Lehigh County Court of Common Pleas Rule 211(f) reads in pertinent part:

> Failure of a party to comply with the requirements of this Rule pertaining to filing ... briefs shall constitute a default for which the court shall impose sanctions, including, where appropriate, dismissal of the motion, preliminary objection or other matter which is the subject of the argument.

to have dismissed the post-verdict motions where appellant (by his counsel) has neither briefed the motions nor appeared at the time of argument. In summary, the lower court did not err in denying appellant's post-verdict motions. All issues raised therein were waived by appellant's failure to brief or argue the post-verdict motions. Accordingly we need not address the merits of any of the issues raised in appellant's post-verdict motions.

■ We are not disposed of the instant appeal however. Appellant now argues that his counsel was ineffective for failing to file his brief timely and for failing to appear timely at argument. This ineffectiveness argument is raised on appeal by the same counsel who represented appellant at the post-verdict motions stage of the case.[10] Of course, counsel may raise his own ineffectiveness and will be permitted to argue the same on appeal if he has preserved the issue properly by raising it at the first available time, and if the ineffectiveness is apparent on the fact of the record. *See Commonwealth v. Drake,* 489 Pa. 541, 414 A.2d 1023 (1980); *Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978); *Commonwealth v. McNeal,* 261 Pa. Superior Ct. 332, 396 A.2d 424 (1978); *Commonwealth v. Matt,* 249 Pa. Superior Ct. 98, 375 A.2d 777 (1977). However, where counsel's ineffectiveness is not apparent on the fact of the record the case should be remanded for appointment of new counsel and an evidentiary hearing. This being the first opportunity counsel has had to raise his own ineffectiveness, the issue is properly preserved. But, the record before us contains nothing on which we may base a decision on the claimed ineffectiveness of counsel. We are therefore constrained to remand the case to the lower court for an evidentiary hearing on the question.

Judgment of sentence vacated, and case remanded for evidentiary hearing on ineffectiveness claim and appointment of new counsel. If the court finds no ineffectiveness it shall reinstate the judgment of sentence. If it finds counsel

10. Present counsel took over appellant's defense at the pre-trial stage after original counsel was permitted to withdraw.

142

was ineffective it shall fashion an appropriate remedy.   Jurisdiction relinquished.