482 A.2d 1324

**Rita GUTMAN, Austin Gutman, Renee Robinson & Arthur Robinson, Appellants,**

v.

**Ruth RISSINGER.**

Superior Court of Pennsylvania.

Argued May 8, 1984.

Filed Oct. 19, 1984.

---

Allen L. Feingold, Philadelphia, for appellants.

Joseph A. Whip, Jr., Norristown, for appellee.

Before WICKERSHAM, WIEAND and LIPEZ, JJ.

WICKERSHAM, Judge:

Plaintiffs-appellants Rita and Austin Gutman and Renee and Arthur Robinson appeal from the order of the Court of Common Pleas of Montgomery County granting defendant Ruth Rissinger's petition to dismiss plaintiffs' motion for a new trial on damages only. The motion for new trial was dismissed because of plaintiffs'-appellants' failure to comply with Montgomery County Rule of Civil Procedure 252 in two respects: (1) failure to forward a copy of the motion to the official court reporter; and (2) failure to pay for transcripts within thirty (30) days.

Prior to discussing the issue presented by appellants, we feel compelled to address a procedural issue regarding the timeliness of appellants' post trial motion. At oral argument before this court, the panel members noted that appellants' motion for a new trial on damages only was filed thirteen (13) days after the jury verdict. Pa.R.C.P. 227.1(c) provides that post trial motions must be filed within ten (10) days of the jury verdict. Thus, the panel questioned whether any issues were preserved for appellate review given the apparent untimeliness of appellants' post

trial motion. In response to the panel's question, appellants and appellee submitted post argument memoranda. After reviewing these memoranda, we find that Pa.R.C.P. 227.1 was substantially complied with and that appellee was not prejudiced by the late filing of the motion.

The facts relating to this procedural question are as follows [1]: The jury rendered verdicts in favor of plaintiffs-appellants on March 18, 1982. On Wednesday, March 24, 1982, appellants' counsel served his post trial motion for new trial on damages only on the trial court judge and appellee's counsel by first class mail. He sent the *original* of the motion to the trial court judge; he also sent a *copy* of the motion to the prothonotary for filing. On Friday, March 26, 1982, the prothonotary's office returned the copy of the motion to appellants' counsel, informing him that the *original* was required for docketing. Appellants' counsel alleges that he received the time-stamped note from the prothonotary on Tuesday, March 30, 1982. Appellants' counsel further avers that on the same day, he placed an original signature on the copy of the motion and returned it to the prothonotary's office, again informing the prothonotary that the original motion had been forwarded directly to the trial judge. The docket entries indicate that the motion was officially docketed on March 31, 1982.

Pa.R.C.P. 227.1(c) provides that post trial motions shall be filed within ten days after the jury verdict. Instantly, appellants' post trial motion was not docketed until thirteen days after the verdict. It is clear, however, that appellants' counsel attempted to file the motion on March 24, 1982, only six days after the jury verdict. This attempted filing was invalid because local rules required that the *original* motion be filed with the prothonotary, whereas appellants' counsel had provided the prothonotary with a *copy* of the motion. Upon being informed of the error by

1. These facts are drawn primarily from appellants' post argument memorandum. We note, however, that in her post argument memorandum, appellee does not disagree with any of the facts set forth by appellants. Further, the documents submitted by appellants' counsel supports his recitation of the circumstances surrounding the filing of appellants' post trial motion.

the prothonotary's office, appellants' counsel promptly corrected the mistake and properly filed the motion. While the motion was officially docketed three days late, appellee and the trial court judge were given notice of appellants' motion well within the prescribed ten day period. Furthermore, appellee has raised no allegations of prejudice caused by the minor delay in docketing the motion. Given the fact that appellants substantially complied with Pa.R.C.P. 227.1(c) by attempting to file their post trial motion within the ten day period and by acting promptly to correct their prior error, and considering that appellee has made no allegations of prejudice, we will address the merits of this appeal. *Cf. Stokes v. Thiemann*, 296 Pa.Super. 112, 442 A.2d 322 (1982).

Appellants state the sole issue on appeal as follows:

Did the lower court err when it dismissed plaintiffs' Motion for New Trial since Montgomery County Local Rule of Civil Procedure No. 252 was substantially complied with?

Brief for Appellant at 1.

Montgomery County Local Rule of Civil Procedure No. 252 provides in pertinent part:

All post trial motions ... shall be filed in writing with the Prothonotary within ten (10) days after verdict.... Counsel filing such motions ... shall immediately send copies thereof to the trial Judge or chancellor, the official court reporter and to the court administrator. The official court reporter shall, forthwith, provide counsel with an estimate of the cost of the trial transcript and payment thereof must be made within thirty (30) days by counsel for the moving party or parties. Failure to make payment may be a basis for refusal of the motions ... for lack of a transcript.

The facts relating to this issue may be summarized as follows: On March 18, 1982, a jury rendered a verdict in favor of plaintiffs-appellants Rita Gutman and Renee Robinson in the amount of two hundred dollars ($200.00) for each plaintiff-appellant. Subsequently, appellants' attorney filed

a motion for new trial on damages only, the original of which he forwarded to the trial judge. He also sent a letter, dated March 24, 1982, to the trial judge requesting the transcription of the notes of testimony. Appellants' counsel did not, however, forward a copy of his motion for new trial to the official court reporter as required by local rule 252, *supra*. Nevertheless, the court reporter was aware of appellants' motion, and sent a letter dated March 29, 1982 to appellants' counsel informing him of the estimated cost of the trial transcripts. In a letter dated April 5, 1982, appellants' counsel requested clarification of the transcript costs from the court reporter. On May 6, 1982, appellants' counsel forwarded a check in the amount of six hundred dollars ($600.00) to the court reporter for transcription of the notes of testimony.

On May 11, 1982, appellee filed a petition to dismiss appellants' motion for new trial. In an order dated November 8, 1982, the lower court granted appellee's petition to dismiss on the ground that appellants had violated local rule 252 in two respects: (1) appellants failed to send a copy of their motion to the court reporter; and (2) appellants failed to pay for the transcripts within thirty (30) days.

We recognize that

procedural rules, either at the state or local level, are absolutely essential to the orderly administration of justice and the smooth and efficient operation of the judicial process. Every court has a limited power to make such rules as the interest of justice or the business of the court may require. 42 Pa.C.S. § 323.

*Equipment Finance, Inc. v. Toth*, 328 Pa.Super. 351, 355, 476 A.2d 1366, 1369 (1984).

We do not find, nor does appellant contend, that Montgomery County Rule of Civil Procedure No. 252 is in any way infirm. Rather, appellant avers that the lower court improperly interpreted the rule as applied to the facts of the instant case. Our scope of review in such cases is clear: "The application, construction and interpretation of a local rule of court are matters primarily to be determined by the

court promulgating the local rule and we will interfere only where the court commits an abuse of discretion." *Id.,* 328 Pa.Superior Ct. at 355, 476 A.2d at 1369. Thus, our review is limited to considering whether the lower court committed an abuse of discretion in dismissing appellants' motion for a new trial on damages only pursuant to local rule 252. Since we find that the lower court did abuse its discretion, we will reverse the order of the lower court, reinstate appellants' motion, and remand for further proceedings.

■ A minor basis for the dismissal of appellants' motion was counsel's failure to forward a copy of the motion to the court reporter. The lower court admits, and the documentary evidence indicates, however, that the court reporter had knowledge of appellants' motion, and contacted counsel with regard to transcription costs. It is clear that the purpose of the rule requiring that counsel forward a copy of post trial motions to the court reporter is to ensure that the notes of testimony will be transcribed upon receipt of payment. While counsel failed to send a copy of his motion to the court reporter, it is apparent that the purpose of the rule was fulfilled in this case: the court reporter was aware of the pendency of the motion, and counsel was informed of the transcription costs. We find that given these facts, the requirements of the rule were substantially fulfilled and appellants' motion should not be dismissed on this basis.

■ The major reason for the lower court's dismissal of appellants' motion was counsel's failure to pay the estimated cost of the trial transcripts within thirty (30) days.[2] The court reporter informed appellants' counsel of the estimated cost of the transcripts in a letter dated March 29, 1982. Appellant provided the court reporter with a check in the appropriate amount on May 6, 1982. Thus, the payment was made eight days later than required by the rule. Appellants contend that this delay was occasioned by coun-

2. The rule does not explicitly state within thirty days of what event the payment must be made. We assume, as did appellants, that the rule provides that payment must be made within thirty days of the date on which the court reporter informs the moving party of the estimated transcription cost.

sel's attempt to determine whether it was necessary to transcribe the entire trial testimony. (As appellants' motion for new trial was limited solely to the issue of damages, appellants wanted to find out whether they could request the transcription of only that portion of the testimony relating to the issue of damages.). The lower court held that appellants' excuse for untimely compliance did "not automatically entitle [them] to a waiver of the local rule." Lower ct. op. at 3. While we agree that the provision of any excuse will not act as a waiver of the rule, we believe that the lower court abused its discretion in inflicting an unduly harsh punishment on appellants in this case.

First, the rule explicitly states that the failure to *make* payment, and not the mere untimeliness of payment, may result in the dismissal of post trial motions. Here, it is clear that full payment for the transcripts was made, albeit eight days late.

Second, the language of the rule, *i.e.,* "[f]ailure to make payment may be a basis for refusal of the motions ... *for lack of transcript,*" indicates that the purpose of the rule is to ensure that the notes of testimony are transcribed. Without a transcript of the trial testimony, the lower court could not properly consider the post trial motions. Instantly, payment was made only eight days later than required by the rule and five days before appellee's petition to dismiss was filed. There is no indication in the record that oral argument on appellants' motion had already been scheduled or that the late payment in any other way interfered with the resolution of the case. We see no reason why the transcripts could not have been prepared shortly after payment was received and appellants' motion argued and resolved in the lower court. The late payment in this case would not seem to deprive the lower court of a meaningful opportunity to assess the merits of appellants' post trial motion. *Cf. Schneider v. Albert Einstein Medical Center,* 257 Pa.Super. 348, 390 A.2d 1271 (1978). Thus, the basic purpose of local rule 252 could have easily been

achieved in this case without resorting to the harsh result of dismissal of appellants' motion.

■  Last, it is clear that a rule of court should be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.C.P. No. 126.[3]

Instantly, there is no indication that the late payment in any way affected the substantial rights of the parties. Payment was made only eight days late and appellants' counsel provided a plausible excuse for the delay. Appellee does not aver that she was prejudiced by the late payment. Thus, under a liberal construction, appellants substantially complied with local rule 252. Since the rule was substantially complied with, the dismissal of appellants' post trial motion was too harsh a "punishment" for their "crime" of untimely payment. *See Wills Equipment Co. v. Goldman Enterprises, Inc.,* 325 Pa.Super. 116, 472 A.2d 674 (1984). *Also see Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983).

We find that the lower court abused its discretion in dismissing appellants' motion for a new trial on damages only. Thus, we reverse the order of the lower court, reinstate appellants' motion, and remand the case to the lower court.

Order reversed. Appellants' motion for new trial on damages only is reinstated and the case remanded to the lower court for proceedings not inconsistent with this opinion. Jurisdiction is relinquished.

---

**3.** We recognize that this rule concerns construction of the Pennsylvania Rules of Civil Procedure; nevertheless, we find it equally applicable in the interpretation of local court rules. *See Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia,* 501 Pa. 234, 460 A.2d 1093 (1983).