507 A.2d 410

**Carmen DeFAZIO and Florence DeFazio, H/W, Appellants,**

**v.**

**Alexander LABE, M.D. and Zaslow, Portner, Cohen, Labe & Joshi, M.D.'s, a Professional Corporation and/or Partnership and Gad Guttmann, M.D., and Kalish, Kauffman, Guttmann & Puglisi, M.D.'s, a Professional Association, and/or Corporation and/or Partnership, Trading as and also known as Orthopedic Surgical Associates.**

**Carmen DeFAZIO and Florence DeFazio**

**v.**

**Alexander LABE, M.D. and Zaslow, Portner, Cohen, Labe & Joshi, M.D.'s, a Professional Corporation and/or Partnership and Gad Guttmann, M.D., and Kalish, Kauffman, Guttmann & Puglisi, M.D.'s, a Professional Association, and/or Corporation and/or Partnership, Trading as and also known as Orthopedic Surgical Association.**

**Appeal of Gad GUTTMANN, M.D. and Kallish, Kauffman, Guttmann and Puglisi, M.D.'s.**

Superior Court of Pennsylvania.

Argued June 6, 1985.

Filed March 24, 1986.

Anthony P. Baratta, Philadelphia, for appellants in No. 1653 and appellees in No. 1879.

Paul M. Chalfin, Philadelphia, for Guttmann, appellants in No. 1879 and appellees in No. 1653.

Before WICKERSHAM, TAMILIA and HOFFMAN *, JJ.

WICKERSHAM, Judge:

These are consolidated cross-appeals from two separate orders [1] entered by the Honorable Charles Wright of the Court of Common Pleas of Philadelphia County.

---

\* Hoffman, J. did not participate in the decision or consideration of this case.

1. The orders in question are as follows:

   AND NOW, this 7th day of June, 1984, the Jury having returned a verdict in the total amount of $300,000.00 and having assessed the negligence of the Defendants, Gad Guttmann, M.D., and Kallish, Kauffman, Guttmann & Puglisi, M.D. at 20% (or $60,000.00), it is hereby ORDERED that judgment is entered on the verdict in the amount of $60,000.00 plus delay damages in the amount of $23,-375.88 against the Defendants, Gad Guttmann, M.D., and Kallish, Kaufmann, Guttmann & Puglisi, M.D., for a total amount of $83,-375.88.

   BY THE COURT:
   JUDGE WRIGHT

   AND NOW, to wit, this 15th day of May, 1984, upon consideration of Plaintiffs' Motion for Judgment, N.O.V., it is hereby ORDERED AND DECREED that said Motion is denied.

   BY THE COURT:
   JUDGE WRIGHT

The instant cross appeals originate from a complex medical malpractice action brought by plaintiffs/appellees, Carmen DeFazio and Florence DeFazio, his wife, against Alexander Labe, M.D. (hereinafter Dr. Labe), and his associates,[2] and Gad Guttmann, M.D. (hereinafter Dr. Guttmann), and his associates. Guttmann and his associates are appellants herein. In the trial court below, appellees claimed the combined negligent management and treatment of the above doctors made it necessary to amputate appellee, Carmen DeFazio's left index finger and part of his left palm. Appellees' theory of liability was centered on Dr. Guttmann's alleged negligence in failing to remove a tube which he had placed in Mr. DeFazio's finger to irrigate it and rid it of infection. Appellees' expert witness, Dr. Mark Nissenbaum, testified that Dr. Guttmann deviated from the standard of orthopedic surgeons practicing in the community by leaving the irrigation tube in appellee's finger for an extended period of time when there was not any sign of improvement. Dr. Martin Beller, an orthopedic surgeon, testified as a defense expert and disputed appellees' contention, stating that Dr. Guttmann did in fact conform to the medical standards of the community. The jury returned a verdict in the amount of $300,000 against Drs. Labe and Guttmann. The respective negligence of each was assessed at eighty per cent (80%) and twenty per cent (20%).

Appellants, Dr. Guttmann and his associates filed motions for new trial and/or judgment n.o.v. Appellees, the verdict winners, also filed a motion for judgment n.o.v. The lower court dismissed appellants' motions, finding they violated Philadelphia County Rule 240. The lower court further dismissed appellees' motion for judgment n.o.v. on the ground that the filing of such a motion by the verdict winner was not warranted by any authority. Their post-verdict motions being denied, the parties now file these timely appeals.

**2.** Dr. Labe and his associates settled with appellees and executed a joint tortfeasors release several months before trial.

. Appellants raise four issues,[3] and appellees, a sole issue,[4] for our review. We will address appellants' issues first. Appellants initially allege error by the lower court in 'dismissing their post-trial motions as proscribed by Philadelphia Rule 240(C)(4).[5] Rule 240(C)(4) states, in pertinent part, that:

> Counsel filing exceptions or post-trial motions shall insure that the notes of testimony, if required, are ordered from the court reporter and shall notify the Post-Trial Motion Clerk in writing when the notes have been ordered. In cases in which there is no dispute about the notes to be transcribed, counsel filing the exceptions or motions shall order the notes from the court reporter within five (5)

3. Questions presented for review, properly preserved below, are as follows:

1. Where appellant files timely post trial motions, orders the transcript, but does not make the deposit required by the official court reporter, is the trial court warranted in dismissing the post trial motions in reliance on Philadelphia Local Rule 240 for failure of the appellant to forward the required deposit?

2. Was the trial court warranted in refusing to allow appellants to call as a witness [appellees'] expert, Dr. William Burch, whose report was provided to all counsel over one year prior to trial, but who was not listed as a witness for appellant at trial?

3. Did the trial court err in its instructions to the jury with respect to the testimony of Dr. Beller concerning whether Dr. Guttmann had requested anaerobic cultures?

4. Did the trial court err in allowing the jury to consider as damages loss of future earnings and earning capacity?

Brief for Appellants at 2.

4. Should a defendant doctor in a medical malpractice case be dismissed from the action, as a matter of law, where no evidence as to a deviation from the community's expected standard of professional care has been offered against him by any testimony of any witness?

Brief for Appellees at 2.

5. AND NOW, to wit, this 26th day of April, 1984, upon consideration of Defendants' Motion for New Trial and/or Judgment N.O.V., it appearing that the defendants Guttmann, Kalish, Kauffman, and Puglisi having failed to deposit any money for payment of stenographic costs of Notes of Testimony and generally proceeding in a dilatory fashion in violation of Local Rule 240, it is hereby ORDERED and DECREED that said Motion is dismissed.

BY THE COURT:
JUDGE WRIGHT

days after the filing of the exceptions or motions and immediately so notify the Post-Trial Motion Clerk in writing.... Failure to order the notes of testimony or to notify the Post-Trial Motion Clerk that they have been ordered where it is certified that they are necessary shall result in the imposition of sanctions including the dismissal of the exceptions or motions.

It is without dispute that a local court has the right to promulgate local rules of procedure. *Ricci v. Ricci,* 318 Pa.Super. 445, 447, 465 A.2d 38, 39 (1983). We also recognize:

that procedural rules, either at the state or local level, are absolutely essential to the orderly administration of justice and the smooth and efficient operation of the judicial process. Every court has a limited power to make such rules as the interest of justice or the business of the court may require. 42 Pa.C.S. § 323.

*Equipment Finance, Inc. v. Toth,* 328 Pa.Super. 351, 355, 476 A.2d 1366, 1369 (1984). Additionally, it is well-settled that "[t]he application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and we will interfere only where the court commits an abuse of discretion." *Gutman v. Rissinger,* 334 Pa.Super. 259, 264–65, 482 A.2d 1324, 1327 (1984) (*quoting Equipment Finance, Inc. v. Toth, supra,* 328 Pa.Super. at 355, 476 A.2d at 1369).

The Philadelphia County rule mandates that all exceptions or post-verdict motions shall be accompanied by an order to the court reporter for notes of testimony, if required, and notification to the post-trial motion clerk that such notes of testimony have been ordered. This rule also provides sanctions, including dismissal, in the event that the rule is not followed. In the instant appeal, appellant complied with both requirements of Rule 240(C)(4).

■ The trial court, acting *sua sponte,* interpreted the rule to require dismissal of post-trial motions where counsel failed to forward to the court reporter a monetary deposit

required for transcription of the notes of testimony.[6] It dismissed the post-trial motions without hearing argument thereon or otherwise considering the merits thereof. We conclude that such an interpretation of the rule was an abuse of discretion. If automatic dismissal of post-trial motions was to be the penalty for failure to forward the required deposit, the bar and the public were entitled to notice in the form of a specific mandate in the language of the rule. *Cf. Gutman v. Rissinger, supra* (Montgomery County Local Rule of Civil Procedure No. 252 requiring "the cost of the trial transcript and payment thereof must be made within thirty (30) days by counsel"); Pa.R.J.A. No. 5000.6 (Local rule may provide that advance payments be made to start transcription).

■ We do not find, nor do appellants contend, that Philadelphia County Rule 240 is unfirm. Rather, appellants aver that the lower court improperly interpreted the rule as applied to the facts of this appeal. We conclude that the trial court's *sua sponte* summary dismissal of appellants' post-trial motions was improper.[7] The local rule did not require a deposit, and most certainly did not give notice that dismissal would follow from the failure to forward a deposit to transcribe testimony. *Accord Davidson v. John W. Harper, Inc.,* 342 Pa.Super. 560, 493 A.2d 732 (1985) (dismissal based upon Delaware County rule which failed to give notice was improper). We therefore reverse and remand for determination of appellants' post-trial motions.

■ We next address ourselves to appellees' post-trial motion for judgment *non obstante veredicto.* We believe, as Judge J. Sydney Hoffman stated in his opinion for this court in *Eldridge v. Melcher,* 226 Pa.Super. 381, 313 A.2d 750 (1973), that a "judgment n.o.v. is the directing of a

6. We note that the record reflects that appellants ultimately made payment of the $800.00 required for transcription of the notes of testimony, and thereafter filed a petition for reconsideration of the court's dismissal of the post-verdict motions. The petition was denied by order dated July 10, 1984.

7. Since we find that the lower court has abused its discretion, further discussion of appellants' remaining issues is not required.

verdict *in favor of the losing party,* despite a verdict to the contrary." *Id.,* 226 Pa.Superior Ct. at 386, 313 A.2d at 753 (emphasis added).[8] We must therefore agree with the lower court that appellees, as *verdict winners,* lack standing to move for a judgment n.o.v. We affirm the lower court's dismissal of appellees' post-verdict motion.

We find the lower court abused its discretion in dismissing appellants' post-trial motions. Thus, we reverse the order of the lower court, reinstate appellants' motions, and remand the case to the lower court for proceedings not inconsistent with this opinion. We also affirm the lower court's dismissal of appellees' post-verdict motion. Jurisdiction is relinquished.

---

8. In 10 Standard Pennsylvania Practice 2d, § 61.5 we find:

   Both a motion for a new trial and motion for judgment notwithstanding the verdict are based upon a disaffirmance of the verdict, but each seeks a different form of relief because of a different claimed error or irregularity committed during trial. A motion for a new trial contemplates the need, in the interest of substantial justice, for a retrial of an issue of fact, while a *motion for judgment notwithstanding the verdict proceeds on the theory that there should have been a judgment as a matter of law in favor of the moving party either in a case where a verdict has been rendered against him or where the jury has disagreed and there has been no verdict.* (footnotes omitted) (emphasis added).