## Nuttall v. Nuttall

*Neil Hurowitz,* for plaintiff.
*Francis X. Nolan,* for defendant.

SUBERS, *J.,* October 28, 1986—This action involves a complaint in divorce with a request for equitable distribution, alimony, counsel fees and costs. After numerous hearings, this court entered its adjudication and order sur equitable distribution, alimony, counsel fees and expenses on May 20, 1986. On May 30, 1986, defendant filed exceptions to our adjudication and decree nisi. On June 2, 1986, the court advised counsel for defendant to contact the court reporter for an estimate of the charges for the court transcript. Counsel was advised that the record would not be transcribed until counsel paid a deposit of that estimate to the court reporter.[1] On or about June 4, 1986, and again on June 19, 1986, the court reporter notified counsel of the estimate for the cost of the transcript. On August 4, 1986, the court reporter stated that she had not received the requested deposit of the estimate for the transcription of the record. Thereafter, on

---

1. Letter from Albert R. Subers, *J.* to Francis X. Nolan, Esq., dated June 2, 1986.

August 5, 1986, plaintiff filed a petition to dismiss defendant's exceptions. Payment was finally made by defendant on August 8, 1986.[2] On August 26, 1986, after consideration of briefs and oral arguments, this court dismissed defendant's exceptions to the adjudication and decree nisi. Defendant now appeals this decision to the Superior Court of Pennsylvania.

## ISSUE

Whether this court erred by dismissing defendant's exceptions for defendant's failure to pay the estimated cost of the trial transcript within 30 days of having received the estimate pursuant to Montgomery County Local Rule of Civil Procedure 252.

## DISCUSSION

Counsel for defendant contends that this court erred in dismissing defendant's exceptions due to counsel's delay in paying the stenographer's fee for transcription of the record. Based on our interpretation of the purpose of Montgomery County Local Rule 252 and this court's careful reading of Pennsylvania case law, we find that counsel's contention is without merit.

Montgomery County Local Rule of Civil Procedure 252 provides in pertinent part:

"The official court reporter shall forthwith, provide counsel with an estimate of the cost of the trial transcript and payment therefor must be made within 30 days by counsel for the moving party or parties. Failure to make payment may be a basis for

---

2. Apparently this payment was made after the petition to dismiss exceptions was received by defendant's attorney, payment having been mailed by plaintiff's attorney on August 8, 1986.

refusal of the motions or dismissal of the exceptions for lack of transcript."

The importance of transcribing notes of testimony is implicit in the mandatory language of rule 252. The reason that notes of testimony must be transcribed is clear. Without a transcript of the proceedings, this court could not properly consider post-trial motions. See *Gutman v. Rissinger,* 334 Pa. Super. 259, 266, 482 A.2d 1324, 1328 (1984). And as the Superior Court of Pennsylvania recently noted:

"[I]n a divorce case it is the responsibility of the [Superior Court] to make a de novo evaluation of the record of the proceedings and to decide independently . . . whether there is a legal cause of action." *Gorniak v. Gorniak,* 350 Pa. Super. 502, 504 A.2d 1262, 1263 (1986). The Superior Court would be unable to make such an evaluation without a transcript of the proceedings. Id. citing *Moslen v. Moslen,* 260 Pa. Super. 508, 510, 394 A.2d 1042, 1043 (1978).

In the instant case, counsel for defendant claims that payment for the transcript was made only 20 days later than provided for by rule 252,[3] and based on this technical noncompliance, we abused our discretion in dismissing defendant's exceptions. Counsel has misstated the facts of this case. Even before the court reporter gave counsel an estimate for transcription in accord with rule 252, counsel requested that all testimony be transcribed in a mo-

---

3. See defendant-appellant's motion for stay, filed with Superior Court of Pennsylvania on September 24, 1986. The court notes that from May 30, 1986, when exceptions were filed, to August 8, 1986, is considerably more than 20 days, being 70 days, and from June 4, 1986, (when estimate received from court reporter), being 65 days.

tion filed with this court on May 30, 1986. The court reporter then provided counsel with an estimate for transcription on or about June 4, 1986. Yet it was not until August 8, 1986, 35 days after the 30-day period specified by rule 252, that counsel finally rendered payment.[4] Whether through inadvertence or tactic, counsel has violated rule 252, knowingly delayed the disposition of the underlying action, and in so doing has obstructed the orderly administration of justice by temporarily preventing us from considering the parties' post-trial motions and the Superior Court from engaging in a timely de novo review.

The Superior Court addressed the issue of non-payment of stenographic fees in *Gutman,* supra. In *Gutman,* the Superior Court held that the failure of plaintiff's counsel to pay estimated transcript costs within 30 days pursuant to rule 252 was *not* sufficient in itself to require dismissal of plaintiff's post-trial motions. In arriving at this conclusion, the Superior Court found significant the fact that counsel paid the estimate only eight days later than required by rule 252, that "late payment . . . would not seem to deprive the lower court of a meaningful opportunity to assess the merits of appellant's post-trial motion," that "appellant's counsel provided a plausible excuse for the delay" and that "there [was] no indication that the late payment in any was affected the

---

4. See letter from Nolan to Stefanik dated August 8, 1986. We note, also, that rule 252 does not explicitly state within 30 days of what date the payment of the estimate must be made. We assume, as the Superior Court of Pennsylvania did in *Gutman,* supra, that rule 252 provides for payment to be made within 30 days of the date on which the court reporter informs the moving party of the estimate of the transcription. See *Gutman,* 334 Pa. Super. 265, 481 A.2d 1327 n.2.

substantial rights of the parties." Id. at 266-267, 482 A.2d at 1328. Instantly, we are confronted with a much stronger case for dismissal than the Superior Court was in *Gutman.* Here counsel for defendant delayed making payment of the estimate until more than one month after the 30-day limit specified in rule 252 had expired. Counsel's late payment deprived this court for a significant period of time of an opportunity to assess defendant's exceptions. Additionally, counsel has provided us with, and we know of no plausible excuse for counsel's delay in making payment. Finally, counsel's long-delayed payment affected the substantial rights of the parties to this action by impeding the implementation of our decree dated May 20, 1986. It is clear that unlike plaintiff's counsel in *Gutman,* defendant's counsel in the case sub judice has not substantially complied with Montgomery County Local Rule 252.

We are mindful of the fact that a rule of court, like rule 252, should be liberally construed.[5] However, we also recognize that "[t]he application, construction and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule and [a reviewing court] will interfere only where the court commits an abuse of discretion." *Gutman,* 339 Pa. Super. at 264-265 482 A.2d at 1327 quoting *Equipment Finance Inc. v. Toth,* 328 Pa. Super. 351, 355 476 A.2d 1366, 1369 (1984); see also, *Defazio v. Labe,* 352 Pa. Super. 120, 507 A.2d 410, 413 (1986). The difference between counsel's delay in *Gutman,* versus counsel's delay in the case at bar is one of degree. We interpret the language of rule 252 to mean more than simply words. If one could pay a stenographic esti-

___

5. *Gutman,* 334 Pa. Super. 267, 482 A.2d 1328, quoting Pa.R.C.P. 126.

mate 30 or 60 or even 90 days after the rule's 30-day period had elapsed without fear of penalty as a deterrent to such practice, our local court system could hardly function, and there would be little need to have such a rule in the first instance. Thus, faced with rule 252's command that "payment therefore must be made within 30 days by counsel" and counsel's flagrant violation of this command, we feel constrained to apply the penalty of dismissal as provided for by rule 252, and in so doing, give continued vitality to the rule itself.

The Superior Court recently intimated that if faced with facts similar to those of the instant case, it would hold as we have today. in *Defazio,* supra, the Superior Court held that counsel's failure to provide a deposit for the transcription of the record was not grounds for the dismissal of counsel's post-trial motions. There the Superior Court scrutinized Philadelphia County Rule 240 which contains far more permissive language than our own local rule 252.[6]

---

6. Philadelphia County Rule of Civil Procedure 240(c)(4) states, in pertinent part, that:

"Counsel filing exceptions of post-trial motions shall insure that the notes of testimony, if required, are ordered from the court reporter and shall notify the post-trial motion clerk in writing when the notes have been ordered. In cases in which there is no dispute about the notes to be transcribed, counsel filing the exceptions or motions shall order the notes from the court reporter within five days after the filing of the exceptions or motions and immediately so notify the post-trial motion clerk in writing. . . . Failure to order the notes of testimony or to notify the post-trial motion clerk that they have been ordered where it is certified that they are necessary shall result in the imposition of sanctions including the dismissal of the exceptions or motions."

The Superior Court stated:

"[I]f automatic dismissal of post trial motions was to be the penalty for failure to forward the required deposit, the bar and the public were entitled to notice in the form of a specific mandate in the language of the rule."

The Superior Court then cited Montgomery County Local Rule 252 as an example of a rule that provided such notice in the form of a specific mandate *Defazio,* 352 Pa. Super. 126, 507 A.2d 413. The Superior Court continued,

"[T]he local [Philadelphia] rule did not require a deposit and most certainly did not give notice that dismissal would follow from the failure to forward a deposit to transcribe testimony (citations omitted) . . . [w]e *therefore* reverse . . . ." Id. at 126, 507 A.2d at 414 (emphasis added).

It is clear that had the Superior Court been called upon to apply Montgomery County Rule 252 in *Defazio,* instead of Philadelphia County Rule 240, the court would have dismissed counsel's post-trial motions. The reason is that unlike the Philadelphia Rule, Montgomery County Rule 252 provides notice in the form of a specific mandate that dismissal, at the discretion of the court, will follow. Based on counsel's long delay in paying for the trial transcript in the instant case, we adhere to the unclouded letter of Montgomery County Rule 252, and dismiss counsel's exceptions.

## CONCLUSION

Based on the foregoing analysis, this court's order of August 26, 1986, should be affirmed.