546 A.2d 741

Stegmaier Gold Medal Beer & Atlantic Mutual Insurance Company, Appellants *v.* Workmen's Compensation Appeal Board (Tuminski), Appellees.

Argued June 16, 1988, before Judges BARRY and MC-GINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Ralph J. Johnston, Jr., Harris & Johnston,* for petitioners.

*Joseph C. Giebus,* for appellee, Frank Tuminski.

OPINION BY JUDGE BARRY, August 19, 1988:

Stegmaier Gold Medal Beer (employer) and Atlantic Mutual Insurance Company (carrier) appeal from an order of the Court of Common Pleas of Luzerne County dismissing employer's appeal from an order of the Workmen's Compensation Appeal Board (Board) affirming the decision of the referee to grant the petition of Frank Tuminski (claimant) for compensation under the Occupational Disease Act (Act), Act of June 21, 1939, P.L. 566, *as amended,* 77 P.S. §1201 *et seq.,* on the basis that it had failed to file its brief in compliance with subsection (h) of Local Rule of Court 270 (Rule 270).

On March 22, 1979, claimant filed his petition for compensation under the Act. In it, he alleged that he was totally disabled as the result of silicosis. The referee

granted this petition on December 13, 1981, with compensation to commence on March 16, 1979 and to continue thereafter. Employer then filed a timely appeal to the Board, which reversed the referee's decision and dismissed the claimant's petition. Claimant thereafter appealed to the Court of Common Pleas of Luzerne County. The Honorable PATRICK J. TOOLE, JR., after briefing and argument, remanded the matter to the Board so that it could remand it to the referee. The referee, on remand, again ruled in favor of the claimant. Employer filed a timely appeal to the Board from the decision. This time, the Board affirmed the decision of the referee. Employer then filed a timely appeal to the Court of Common Pleas of Luzerne County from that order on March 11, 1987. At the time it filed its notice of appeal, it also filed its exceptions to the Board's order.

Subsequent to the filing of this appeal, claimant submitted a petition to dismiss the appeal on the basis that the employer had failed to file its brief in support of its exceptions either simultaneously with his appeal or within thirty days thereafter as, claimant contended, subsection (h) of Local Rule 270 required. Employer filed an answer to the petition, in which it contended that subsection (h) of Rule 270 did not govern an action commenced after the effective date of the rule, that appeals from administrative agencies could not be scheduled for argument with the Court Administrator until the record had been lodged by the administrative agency in response to the writ of certiorari issued by the prothonotary and that subsection (h) of Rule 270 did not govern an appeal from an administrative agency. The Honorable GIFFORD R. CAPPELLINI entered an order on July 11, 1987 dismissing the employer's appeal. This appeal followed.

The employer argues that the trial court erred in construing subsection (h) of Rule 270 to require it to file

a brief in support of its exceptions to the Board's order either simultaneously with the filing of its notice of appeal or within thirty days thereafter. It further argues that, in the event that subsection (h) of Rule 270 does govern its appeal, that the provision for automatic dismissal contained therein is in violation of Rule 239(f) of the Pennsylvania Rules of Civil Procedure.

Luzerne County Rule of Court No. 270, captioned "Rules, Motions, Petitions, and Preliminary Objections," reads in the pertinent parts as follows:

(a) All matters previously assigned to Argument Court, except post-trial motions governed by Pa. R.C.P. No. 227.2 shall be governed by subparagraphs (a) through (h) of this Rule. All matters handled by Miscellaneous Court, including, inter alia, Motions for Sanctions, Petitions to Intervene, Motions to Consolidate or Sever Cases, Petitions to Strike Certificate of Readiness shall be governed by Rule 210.

(b) Any moving party filing such matter shall contemporaneously file a comprehensive Brief in support thereof and serve a copy upon all parties and the Court Administrator.

(e) If the party filing the matter fails to file a Brief as provided in Subsection (b), the Court Administrator shall present an Order to the Motions Judge who shall dismiss the matter. . . .

. . . .

(h) This rule shall apply to pending actions. Failure of the proponent of the matter to file a Brief within thirty days *of the effective date of this rule* shall result in dismissal as of course by the Motions Judge upon motion of any other party. (Emphasis added.)

Rule 270 became effective on July 2, 1984.

In its order dismissing the employer's appeal, the lower court stated:

AND NOW, this 11th day of June, 1987, the defendant having failed to file a Brief simultaneously with his Appeal or within thirty days thereafter, the Appeal is dismissed as a matter of course in accordance with Local Rule 270(h).

The application, construction, and interpretation of a local rule of court are matters primarily to be determined by the court promulgating the local rule, and an appellate court will only interfere where the court commits an abuse of discretion. *Commonwealth v. Prisznyak*, 306 Pa. Superior Ct. 137, 452 A.2d 253 (1982). It is quite apparent from the trial court's order that it interpreted subsection (h) of Rule 270 to require a party filing an appeal from an administrative agency such as the Board to file its brief in support of its exceptions to the appealed order either simultaneously with the filing of the notice of appeal or within thirty days thereafter. We believe that in so interpreting subsection (h) of Rule 270 and dismissing the employer's appeal, the lower court abused its discretion.

The employer argues that Rule 270 does not govern appeals from administrative agencies since it is en-captioned "Rules, Motions, Petitions, and Preliminary Objections" and an appeal from an administrative agency does not fall under any of these categories. We would agree that an appeal from an order of an administrative agency does not constitute a rule, motion, petition or preliminary objection. Subsection (a) of Rule 270, however, provides that that rule applies to "all matters previously assigned to Argument Court, except post-trial motions." Therefore, the employer's argument would only be correct if rule, motions, petitions and preliminary objections were the only matters which were previously assigned to Argument Court. We have not, however, been referred to any former local rule of

court establishing which matters were previously assigned to Argument Court.

Assuming arguendo, however, that appeals from orders of the Board regarding claims under the Act are matters which were previously assigned to Argument Court, nowhere in *subsection (h)* of Rule 270 is there language which arguably could be construed to require parties filing those appeals to simultaneously file briefs in support of their exceptions to those orders.[1] Furthermore, while the second sentence of subsection (h) of Rule 270 does provide that a matter previously assigned to Argument Court will be dismissed if the proponent of the matter does not file its brief in support thereof within "thirty days after the effective date of the rule," the phrase "thirty days after the effective date of the rule" cannot be interpreted to mean thirty days *after the filing of the matter.* Pa. R.C.P. 127(b) provides in pertinent part, that "[w]hen the words of a rule are clear and free from all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit." The phrase "thirty days after the effective date of the rule" is clear and free from all ambiguity and can only

---

[1] One might then argue that *subsection (b)* of Rule 270 imposes such a requirement. We note, however, that Section 427 of the Act, 77 P.S. §1527, allows a party seeking a review of an order of the Board regarding a claim under the Act to file his exceptions to the order within thirty days of the filing of his notice of appeal. A local rule of court requiring a party appealing a Board order which involves a claim under the Act to file a brief in support of its exceptions to the Board's order simultaneously with the filing of the notice of appeal would, in the opinion of this Court, be inconsistent with Section 427 of the ODA and, therefore, invalid. *See Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278 (1977) (Allegheny County local rule restricting testimony at trial on de novo appeal from compulsory arbitration award to testimony of witnesses who were called at the arbitration hearing was inconsistent with Section 27 of the Arbitration Act and thus invalid.)

be interpreted to mean that the matter must be filed by August 1, 1984.[2]

Upon reading subsection (h) of Rule 270 within the context of the entire rule, one is able to see that it required a moving party in a matter which was previously assigned to Argument Court, *and was pending on July 2, 1984—the date that Rule 270 took effect,* to file its brief in support of that matter by August 4, 1984, under the penalty of automatic dismissal of the matter for failure to do so. Since the employer's appeal was filed on March 11, 1987, it was improper for the common pleas court to dismiss that appeal pursuant to the language appearing in the second sentence of subsection (h) of Rule 270.

We have not been referred to any other existing rules which could be construed to establish the time period within which one must file a brief in support of its exceptions to an order of the Board regarding a claim under the Act. Accordingly we conclude that the dismissal of the employer's appeal was improper inasmuch as it appears that the employer, in failing to file its brief in support of its exceptions to the Board's order simultaneously with the notice of appeal or within the thirty days thereafter, violated no local rule. Having so concluded, we vacate the order of the trial court and remand this matter to the common pleas court with instructions that the employer be permitted to file a brief

---

[2] Furthermore, to interpret this language in subsection (h) of Rule 270 to allow dismissal of the matter for failure of the moving party to file a brief in support of the matter previously assigned to Argument Court within thirty days after it has been filed would leave subsection (h) of Rule 270 in conflict with subsections (b) and (e) of that rule, which require that the brief in support of the matter previously assigned to Argument Court be filed simultaneously with the matter and authorize dismissal of the matter for failure to file the brief simultaneously with it.

in support of its exceptions to the Board's order with the court and for the court to rule upon the merits of the employer's exceptions.

ORDER

Now, August 19, 1988, the order of the Court of Common Pleas of Luzerne County dated June 11, 1987, at No. 1055-C of 1987, is hereby vacated. This matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.