CONCURRING AND DISSENTING
OPINION BY JENKINS, J.:
I concur with the majority’s decision to affirm the entry of summary judgment in favor of Conseco[1] on Martin’s claims. I respectfully dissent from the majority’s decision to vacate the judgment on LeAnn’s claims and remand for a new trial on LeAnn’s claim for bad faith under 42 Pa. C.S. § 8371. In my view, LeAnn’s bad faith claim is time-barred under Pennsylvania’s two-year statute of limitations for bad faith, 42 Pa.C.S. § 5524.
The majority contends in footnote 30 of its opinion that Conseco waived the statute of limitations issue by failing to raise it in post-verdict motions. I am constrained to disagree.
At the close of evidence during trial, Conseco moved for a directed verdict on LeAnn’s bad faith claim based on the statute of limitations. N.T., 6/27/14, at 168-72. The trial court took the motion for directed verdict under advisement. Id. at 172. Subsequent to trial, the trial court entered a decision in favor of Conseco on the merits, finding that LeAnn failed to present clear and convincing evidence of bad faith. *105 Verdict, 7/3/14, at 1-2. The trial court did not address the statute of limitations issue.
As the verdict winner, Conseco could not file post-verdict motions objecting to the trial court’s failure to decide the statute of limitations issue. DeFazio v. Labe, 352 Pa.Super. 120, 507 A.2d 410, 414 (1986) (“[because] judgment n.o.v. is the directing of a verdict in favor of the losing party, despite a verdict to the contrary .,. wé must therefore agree with the lower court that appellees, as verdict ivinners, lack standing to move for a judgment n.o.v.”) (emphasis in original).[2] Because Conseco lacked standing, as the verdict winner, to file post-verdict motions in the trial court seeking judgment n.o.v. on the statute of limitations, Conseco did not waive its statute of limitations argument in this Court.
In addition, the evidence demonstrates, as a matter of law, that LeAnn’s claim is time-barred. This Court has the authority to affirm the trial court on the basis of the statute of limitations, even though the trial court decided the case on another ground. “[W]e are not bound by the rationale of the trial court and may affirm .on any basis.” Richmond v. McHale, 35 A.3d 779, 786 n. 2 (Pa.Super.2012).
Under Pennsylvania law, a bad faith action under 42 Pa.C.S. § 8371 is subject to a two-year statute of limitations. Ash v. Continental Ins. Co., 593 Pa. 523, 932 A.2d 877, 885 (2007). In general, a claim accrues when the plaintiff is harmed. Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1042-43 (Pa.Super.1999). In other words, “a statute of limitations begins to run as soon as the right to institute suit arises. This is true regardless of whether the full extent of harm is known when the action arises.” Id. “Whether a complaint is timely filed within the limitations period is a matter of law[1] for the court to determine.” Crouse v. Cyclops Indus., 560 Pa. 394, 745 A.2d 606, 611 (2000). “Once a cause of action has accrued and the prescribed. statutory period has run, an- injured party is barred from bringing his cause of action.” Fine v. Checcio, 582 Pa. 253, 870 A.2d 850, 857 (2005).
Pennsylvania courts have held that a bad faith claim under 42 Pa.C.S. § 8371 is deemed to have accrued at the point the claim for insurance benefits is first denied. See, e.g., Ash v. Continental Ins. Co., 861 A.2d 979, 984 (Pa.Super.2004) (two-year limitation period began running at initial denial of coverage for damage to insured’s property under first-party fire policy), aff'd, 593 Pa. 523, 932 A.2d 877 (2007); Adamski 738 A.2d at 1040 (limitation period under section 8371 began to run upon first occurrence of refusal to pay). Thus, the statute of limitations begins running when-the insurer sends a letter denying a claim, even where the insurer later agrees to re-evaluate a decision to deny benefits at the .request of the insured. See, e.g., Jones v. Harleysville Mut. Ins. Co., 900 A.2d 855, 858-59 (Pa.Super.2006) (statute of limitations began running when insurer first issued letter denying claim for property damage under fire policy; rejecting argument that statute of limitations did not begin running until after insurer conducted additional investigation and sent another letter reaffirming previous decision to deny coverage); see also Cozzone v. AXA Equitable Life Ins. Soc., 858 F.Supp.2d 452, 459 (M.D.Pa.2012) (“an in *106 surance company’s willingness to reconsider its denial does not toll the statute of limitations, as the limitations period runs from the time when Plaintiffs claim was first denied”).[3] The bad faith statute also begins running when thb insurer sends a letter terminating the policy for failure to make timely premium payments. See Bariski v. Reassure America Life Ins. Co., 834 F.Supp.2d 233, 237 (M.D.Pa.2011). Nor can the plaintiff extend the limitations period by arguing that the insurer’s bad faith conduct was continuing, because the plaintiff is not entitled to “separate initial and continuing refusals to provide coverage into distinct acts of bad faith.” Adamski, 738 A.2d at 1042; see also CBS Auto Parts, Inc. v. Nat’l Grange Mut. Ins. Co., 645 F.Supp.2d 354, 365 (E.D.Pa.2009) (“where an insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence, the statute of limitations begins to. run and the insured cannot avoid the limitations period by asserting, that a continuing • refusal to cover was a separate act of bad faith”).
In this case, on March 9, 2005, Conseco sent a letter to LeAnn advising that her policy lapsed. Exhibit D-17. Despite this lapse, on March 27, 2006, LeAnn sent Con-seco a claim form seeking payment of additional benefits'. Exhibit D-34. In a letter dated April 12, 2006, Conseco denied this claim and advised LeAnn that “Your CANCER insurance coverage' ended on 5-24-03. Therefore, we cannot pay any benefits to you for the claims you submitted.” Exhibit D-39. The April 12, 2006 tetter was the only denial of a claim for payment of benefits that Conseco sent to LeAnn.
On September 8, 2006, Conseco received a WOP Claim Form from LeAnn which Dr. Krivak signed and dated on August 28, 2006 and which identified the starting disability date due to cancer as “3-27-2006-New Chemo Regimen.” Exhibit D-43-2. In a tetter dated September 21, 2006, Con-seco denied this request for WOP benefits and again advised LeAnn that ‘Your CANCER insurance coverage ended on. 5-24-03. Therefore, we cannot pay any benefits to you for the claims you submitted.” Exhibit D-45.
To the' extent LeAnn could commence an action against Conseco for bad faith for refusal to pay her claim for monetary bén-efits, this right accrued on April 12, 2006, when Conseco denied LeAnn’s claim for payment. To the extent Leann could commence an action against Conseco for bad faith in lapsing her Policy, that right accrued either on March 9, 2005, when Con-seco first advised LeAnn that her policy had lapsed, or on September 21, 2006, when Conseco denied LeAnn’s request for WOP and advised that her coverage ended on May 24, 2003. There were no benefit denials under the Policy either for a claim payment or WOP after September 21, 2006. Therefore, at the latest, the two-year bad faith statute of limitations began running on September 21, 2006. LeAnn instituted this action via writ of summons on December 22, 2008, more than two years after September 21, 2006. . Docket Entries, at 5. Therefore, her bad faith claim is time-barred.
I disagree with LeAnn’s claim that the statute of limitations commenced when Conseco sent a tetter to LeAnn dated January 5, 2007 in response to her November 30, 2006 tetter. Exhibit D-50. This tetter did not make any denials of claims or benefits but merely summarized the histo *107 ry with respect to LeAnn’s claims, explained why the policy previously lapsed, explained that, several claims were paid in error but that Conseco did not plan to seek reimbursement for those funds, and enclosed a duplicate copy of the Policy for LeAnn’s review. Id. As the authorities cited above demonstrate, Conseco’s letter explaining its prior denial of benefits and WOP did not toll the statute. See Jones, Cozzone, supra.
For these reasons, I respectfully dissent from the majority’s decision on LeAnn’s bad faith claim on the ground that the trial court properly entered a verdict in favor of Conseco on LeAnn’s bad faith claim.

. The Supreme Court granted allocatur in DeFazio but split 3-3 concerning whether verdict winners lack standing to move for judgment n.o.v. DeFazio v. Labe, 518 Pa. 390, 543 A.2d 540, 541-45 (1988). Thus, the Superior Court’s decision in DeFazio was affirmed on this issue, Id., and it remains good law today. See Marks v. Nationwide Ins. Co., 762 A.2d 1098, 1101 (Pa.Super.2000) (decision of Superior Court remains -precedential until it has been overturned by Supreme Court).

. Although decisions of. federal district courts are not binding on Pennsylvania courts, we may still consider them persuasive authority. See Dietz v. Chase Home Finance, LLC, 41 A.3d 882, 886 n. 3 (Pa.Super.2012).