Paul W. DIETZ and Marian L. Dietz, Husband and Wife, Appellants

v.

CHASE HOME FINANCE, LLC, Appellee.

Superior Court of Pennsylvania.

Submitted Oct. 26, 2011.

Filed April 2, 2012.

Brian L. Kerstetter, Lewisburg, for appellants.

---

* Retired Senior Judge assigned to the Superior Court.

Brett L. Messinger, Philadelphia, for appellee.

BEFORE: LAZARUS, OTT and PLATT*, JJ.

OPINION BY OTT, J.:

Paul W. Dietz and Marian L. Dietz, husband and wife ("the Dietzes"), appeal the Lehigh County Court of Common Pleas' order, entered on March 17, 2011,[1] granting Chase Home Finance, LLC's ("Chase") motion for judgment on the pleadings and dismissing the Dietzes' complaint with prejudice. On appeal, the Dietzes allege the trial court erred in finding their causes of action for negligence and defamation were preempted by Section 1681t(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t(b). Based on the following, we affirm.

On September 16, 2009, the Dietzes received a foreclosure notice from Chase for failure to make monthly mortgage payments between May 29, 2009 and September 15, 2009. Chase also notified the Dietzes' major credit reporting agencies about the delinquency. This action led to credit reports that allegedly led the Dietzes' creditors to decrease the couple's credit limits and increase their finance charges. The Dietzes, however, were not delinquent on their mortgage payments, and on September 29, 2009, Chase sent a second letter to the couple, acknowledging it had, in fact, received the timely made mortgage payments. In the same letter, Chase also indicated it had sent an electronic notification to the major credit bureaus, notifying them of this error and requesting to update the Dietzes' credit profiles.

1. The order was filed on the following day.

On July 19, 2010, the Dietzes filed a complaint against Chase, alleging common law negligence and defamation. On September 14, 2010, Chase filed an answer and new matter, asserting the Dietzes' claims were barred and preempted by the FCRA under 15 U.S.C. §§ 1681t and 1681h(e).

Chase also filed a motion for judgment on the pleadings on October 12, 2010, solely asserting its Section 1681h(e) preemption claim. The trial court entered an order on March 17, 2011, granting that motion and dismissing the case with prejudice. Specifically, the court stated:

> While [Chase] argued that § 1681h(e) of the Fair [Credit] Reporting Act requires the dismissal of [the Dietzes'] negligence and defamation causes of action, the Court does not agree. Instead, the Court is persuaded by, and agrees with, the Massachusetts District Court in *Islam v. Option One Mortgage*, which found that causes of action like [the Dietzes'] are preempted by § 1681t(b) of the Fair [Credit] Reporting Act. *See id.* 432 F.Supp[.] 2d 181, 194 ( [D.Mass.] 2006).

Order, 3/17/2011, at 1 n. 1. This appeal followed.

In their sole argument, the Dietzes claim the court erred in granting Chase's motion for judgment on the pleadings. Citing *Sites v. Nationstar Mortg. LLC*, 646 F.Supp.2d 699, 706 (M.D.Pa.2009), and *Islam v. Option One Mortg. Corp.*, 432 F.Supp.2d 181 (D.Mass.2006), they state Section 1681h does not apply because Chase is "neither a credit reporting agency, nor a user of a consumer report that denied, revoked, or refused credit with respect to [them]" as required by the statute. The Dietzes' Brief at 3. Moreover, they allege the court erred in finding their suit was barred pursuant to Section 1681t(b) because they assert that a majority of federal district courts have adopted the "statutory approach" regarding preemption, which they argue obstructs only state statutory causes of action and not common law causes of action, like their present claims for negligence and defamation. *Id.* at 4–5.

We begin with our well-settled standard of review:

> The standard of review of a grant of a motion for judgment on the pleadings is limited. A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. Since this matter presents a legal question, the scope of review is plenary.

*In re Weidner*, 595 Pa. 263, 938 A.2d 354 (2007).

> Federal preemption is a jurisdictional matter for a state court because it challenges subject matter jurisdiction and the competence of the court to reach the merits of the claims raised. The principle of federal preemption of state law derives from the second clause of Article VI of the United States Constitution's Supremacy Clause, which provides that the laws of the United States "shall be the supreme Law of the Land; ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. Thus, laws that are in conflict with federal law are without effect.
>
> Congress has the undisputed power to preempt state law in areas of federal concern. In determining the breadth of a federal statute's preemptive effect on state law, courts are guided by the tenet that the purpose of Congress is the ultimate touchstone in every pre-emption case. However, because the States are independent sovereigns in our federal system, we have long presumed that

Congress does not cavalierly preempt state-law causes of action. From this premise, the Supreme Court has relied upon an assumption that the historic police powers of the States were not to be superseded by [a] Federal Act unless that was the clear and manifest purpose of Congress.

*Kiak v. Crown Equip. Corp.*, 989 A.2d 385, 390 (Pa.Super.2010) (some citations and quotation marks omitted).[2]

In 1968, the United States Congress enacted the FCRA.

The purpose of the FCRA is to "require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit" and other information "in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b). Prompted by congressional concern over abuses in the credit reporting industry, the FCRA safeguards the "confidentiality, accuracy, relevancy and proper utilization" of consumer credit information. *See id.*

*Leet v. Cellco P'ship*, 480 F.Supp.2d 422, 428 (D.Mass.2007).

"When first enacted in 1968, the FCRA only had one section dealing with preemption of state law claims, 15 U.S.C. § 1681h(e)[.]" *Manno v. Am. Gen. Fin. Co.*, 439 F.Supp.2d 418, 423 (E.D.Pa.2006). Section 1681h(e) provides, in part:

[N]o consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 609, 610, or 615 [15 USCS § 1681g, 1681h, or 1681m], or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,] except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C.S. § 1681h(e). Section 1681g deals with a consumer reporting agency's disclosures to consumers. Section 1681h addresses a consumer reporting agency's conditions and form of disclosure to consumers. Lastly, Section 1681m places requirements on users of consumer reports.

In 1996, Congress amended the FCRA to include an additional section addressing preemption of state laws, 15 U.S.C. § 1681t. The provision of Section 1681t relevant to this appeal is Section 1681t(b)(1)(F), which relates to "the responsibilities of persons who furnish information to consumer reporting agencies" and states, in pertinent part:

No requirement or prohibition may be imposed under the laws of any State—

(1) with respect to any subject matter regulated under—

. . .

2. There are three forms of federal preemption:

First, state law may be preempted where the United States Congress enacts a provision which expressly preempts the state enactment. Likewise, preemption may be found where Congress has legislated in a field so comprehensively that it has implicitly expressed an intention to occupy the given field to the exclusion of state law.

Finally, a state enactment will be preempted where a state law conflicts with a federal law. Such a conflict may be found in two instances, when it is impossible to comply with both federal and state law[ ] or where the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.
*Kiak,* 989 A.2d at 391 (quotation and internal quotation marks omitted).

(F) section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply—

(i) with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or

(ii) with respect to section 1785.25(a) of the California[.]

15 U.S.C. § 1681t(b)(1)(F). Section 1681s–2 states, *inter alia:* "A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s–2(a)(1)(A).

 This appears to be a case of first impression as our research demonstrates that neither the Pennsylvania Supreme Court nor this Court have addressed the issue of preemption under these two sections. However, the United States District Courts in the federal districts have attempted to reconcile the new preemption provision in Section 1681t(b)(1)(F) with the existing preemption provision in Section 1681h(e) as "[n]either provision is a model of clarity . . . and their reconciliation has vexed district courts nationwide since Section 1681t(b) was added to the code in 1996." *Sites,* 646 F.Supp.2d at 706 (citation and quotations marks omitted).[3]

Upon first reading, the newer preemption provision of the FCRA, [Section] t(b)(1)(F), might appear to preempt all state law claims against furnishers of credit information. However, courts have recognized the tension that would exist between such a reading of this section and the FCRA's original pre-

emption clause, [Section] 1681h(e). Congress did not repeal or alter [Section] 1681h(e) in 1996 when it added the [Section] t(b)(1)(F) amendment. However, if [Section] t(b)(1)(F) is construed to preempt all state law causes of action against credit information furnishers, it renders [Section] 1681h(e) superfluous and effectively works an implied repeal of that provision. *See DiPrinzio v. MBNA Am., Bank, N.A.,* 2005 U.S. Dist. LEXIS 18002, 2005 WL 2039175, at *5 (E.D.Pa. Aug. 24, 2005).

Repeals by implication are not favored. In the absence of a clear and manifest legislative intent to repeal, statutes that appear to conflict must be read, if possible, to give effect to each. *Watt v. Alaska,* 451 U.S. 259, 267, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981). Accordingly, courts have attempted to reconcile [Section] t(b)(1)(F) with [Section] 1681h(e). Three different approaches have evolved: the "total preemption" approach, the "temporal" approach, and the "statutory" approach. Under the "total preemption" approach, [Section] t(b)(1)(F) does indeed preempt all state law claims against furnishers of credit information arising from conduct regulated by [Section] 1681s–2, thus effectively repealing the earlier preemption provision, [Section] 1681h(e). Under the "temporal" approach, preemption depends on whether the cause of action arises before or after a credit information furnisher has notice of a consumer dispute. Finally, under the "statutory" approach, [Section] t(b)(1)(F) preempts only state law claims against credit information furnishers brought under

---

3. We note "decisions of the federal district courts . . . are not binding on Pennsylvania courts, even when a federal question is involved." *Kubik v. Route 252, Inc.,* 762 A.2d 1119, 1124 (Pa.Super.2000) (citation omitted). Nevertheless, these decisions are persuasive authority and helpful in our review of the issue presented.

state statutes, just as [Section] 1681h(e) preempts only state tort claims.

*Manno*, 439 F.Supp.2d at 424–425 (footnotes omitted).

In *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F.Supp.2d 356 (E.D.Pa. 2001) (*"Jaramillo I "*), the United States District Court for the Eastern District of Pennsylvania initially applied the total preemption approach, whereby the FCRA preempted all state claims, statutory and common law. *Id.* at 361–362.[4]

More recently, however, the federal district courts in Pennsylvania have applied the statutory preemption approach. In the well-reasoned *Manno* decision, the Eastern District found "the statutory approach is the one most consistent with a close analysis of the statutory text and with the congressional intent underlying [Section 1681]t(b)(1)(F)." *Manno*, 439 F.Supp.2d at 425. The district court stated:

> This reading of the provision reflects the fact that, in enacting [Section 1681]t(b)(1)(F), Congress seems to have been most concerned with protecting credit information furnishers from state statutory obligations inconsistent with their duties under the FCRA.
>
> Congress clearly had state statutes in mind when it enacted [Section 1681]t(b)(1)(F), because it specifically exempted two state statutes from preemption:

[T]his paragraph shall not apply … with respect to section 54A(a) of chapter 93 of the Massachusetts Annotated Laws (as in effect on September 30, 1996); or … with respect to section 1785.25(a) of the California Civil Code (as in effect on September 30, 1996). *Id.* Congress's explicit exclusion of a Massachusetts and a California statutory cause of action from preemption by [Section 1681]t(b)(1)(F) is a strong indication that Congress intended [Section 1681]t(b)(1)(F) to preempt statutory claims. This focus on state statutory claims becomes even more evident when all the preemption provisions of [Section] 1681t are read together as a whole.

. . .

▪ Moreover, two subparagraphs of [Section] 1681t—t(b)(1)(B) and t(b)(1)(E)—provide that they "shall not apply to any State law in effect on September 30, 1996," the effective date of the 1996 amendments to the FCRA. This indicates that these provisions were intended to preempt only state regulations enacted after the passage of [Section] 1681(t). Because it makes no sense to speak of tort causes of action, derived from English common law, as coming into "effect" after a specific date in 1996, any such subsequent state enactments would have to be statutory in nature. As one court has observed: "As § 1681t now stands it may make common sense to read [this section] as ap-

---

4. The district court then dismissed the plaintiff's state consumer protection law and defamation claims. Following the court's decision, the plaintiff filed a motion for reconsideration. In a one-sentence order, the court reinstated the defamation claim without analysis. *See Jaramillo v. Experian Info. Solutions, Inc.*, 2001 WL 1762626, 2001 U.S. Dist. LEXIS 10221 (E.D.Pa. June 20, 2001) (*"Jaramillo II "*). Post *Jaramillo II*, there has been little clarification as to the effect of the reinstatement decision. *Com-*

*pare DiPrinzio v. MBNA Am. Bank, N.A.*, 2005 WL 2039175, *7 n. 9, 2005 U.S. Dist. LEXIS 18002, *22 n. 9 (E.D.Pa. Aug. 24, 2005) ("[B]y way of that reversal, the Jaramillo court distinguished between state statutory laws covered by the FCRA and state tort claims.") *with Barnhill v. Bank of Am., N.A.*, 378 F.Supp.2d 696, 699 (D.S.C. 2005) ("[B]ecause the court left its dismissal of the statutory claim intact, the analysis in Jaramillo [I] is useful.").

plying to state statutory regulations that overlap with the FCRA rather than with state common law torts which have elusive 'effective' dates." *Watson v. Trans Union*, 2005 U.S. Dist. LEXIS 7376, *23, 2005 WL 995687, at *8 n. 8 (D.Me. 2005).

Indeed, [Section] 1681t provides that "no *requirement* or *prohibition* may be *imposed* under the laws of any State" with respect to various types of conduct regulated by the FCRA. 15 U.S.C. § 1681t(b). This language, while a natural-sounding way of forbidding state legislatures to "impose" statutory "requirements" and "prohibitions" on parties subject to the FCRA, would be an awkward, roundabout way of forbidding state courts to interpret tort law to "impose requirements or prohibitions." If Congress intended [Section] 1681t to preempt state common law tort actions, it knew well how to express this intent in the statutory language. It need only have mirrored the language of [Section] 1681h(e): *"[N]o consumer may bring any action or proceeding* in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency. . . . " *Id.*

Moreover, the fact that Congress made no mention whatsoever of [Section] 1681h(e) when enacting [Section] 1681t is in itself evidence that [Section] 1681t was not meant to preempt tort causes of action. If Congress had so intended, one would have expected some acknowledgment of the existence of [Section] 1681h(e), the FCRA provision that specifically addresses the preemption of state tort claims. Rather than ascribing

this omission to congressional forgetfulness, the statutory approach presents a much more satisfactory explanation: Congress had no need to address [Section] 1681h(e) when enacting [Section] 1681t because the former relates solely to torts, while the latter relates solely to statutes.

By the same token, interpreting [Section 1681]t(b)(1)(F) to preempt only statutory claims makes this newer preemption provision harmonize with [Section] 1681h(e). *See DiPrinzio*, 2005 U.S. Dist. LEXIS 18002 at *20, 2005 WL 2039175 at *6 ("When read alongside section 1681t(b)(1)(F) . . . the symmetry is clear: section 1681h(e) applies to state common law and section 1681t(b)(1)(F) applies to state statutes."). "[S]tatutory provisions enacted at different times should be read as harmoniously as possible, so that each is given effect and the provisions do not conflict." *Pennsylvania v. Dep't of Health and Human Servs.*, 723 F.2d 1114, 1119 (3d Cir.1983). Under the statutory approach, the two provisions can easily be read together to shield credit information furnishers against, on one hand, state statutory claims, and on the other hand, state tort actions not involving willful or malicious conduct.

*Manno*, 439 F.Supp.2d at 425–426 (italics in original; footnote and some citations omitted).

Both the United States District Courts for the Middle and Western Districts of Pennsylvania have followed *Manno* in applying the statutory approach. *See Sites, supra,* and *Pitts v. Bank of Am. Corp.*, 2010 WL 5462512, 2010 U.S. Dist. LEXIS 137170 (W.D.Pa. Dec. 29, 2010).[5] We

**5.** *See also Shannon v. Equifax Info. Servs., LLC,* 764 F.Supp.2d 714, 720 (E.D.Pa.2011). We also note that the Common Pleas Court of Monroe County applied the statutory ap-

proach in *Citibank (South Dakota), N.A. v. Strunk,* 2010 Pa. Dist. & Cnty. Dec. LEXIS 144 (Pa. County Ct.2010).

agree with the statutory preemption analysis set forth in *Manno, Sites,* and *Pitts* and are compelled to adopt the statutory preemption approach in the present matter.

■ In applying the statutory approach, we must first examine the applicability of Section 1681h(e) to the Dietzes' claims. Based on our analysis below, we find *Sites* persuasive and controlling in our review.

In *Sites,* the plaintiff-couple alleged the defendant-mortgage company untimely credited a single mortgage loan payment into their account and falsely reported the loan as delinquent to major credit bureaus "with the sole purpose of frustrating the [plaintiffs]' efforts to refinance the loan." *Sites,* 646 F.Supp.2d at 700. The plaintiffs filed a complaint, raising numerous common law causes of action, including defamation, and a single violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL").[6] The defendant-mortgage company filed a motion to dismiss, arguing that the FCRA preempted the plaintiffs' claims.

In employing the statutory preemption approach, the *Sites* court found Section 1681t(b)(1)(F) preempted the plaintiffs' UTPCPL claim because it was a state law claim but not the plaintiffs' defamation cause of action because it was based on common law.

Turning to the applicability of Section 1681h(e), the court stated:

> *§ 1681h(e)* applies to any action or proceeding brought "with respect to the reporting of information against any consumer reporting agency, *any user of information, or any person who furnishes information to a consumer reporting agency.*" *15 U.S.C. § 1681h(e).* Thus, *§ 1681h(e)* targets a broad range information users and furnishers, from

credit bureaus to mortgage lenders such as Defendant.... Furthermore, the very root of the statutory conflict in this case is the inclusion of "any person who furnishes information to a consumer reporting agency" among the potential tortfeasors: to wit, *§ 1681h(e)* permits one class of state law claims against "any person who furnishes information to a consumer reporting agency" while *§ 1681t(b)* prohibits all state law claims against "persons who furnish information to consumer reporting agencies."

. . .

> Second, and most importantly, § 1681h(e) provides an exception for "false information furnished with malice or willful intent to injure such consumer."

*Sites,* 646 F.Supp.2d at 711 (emphasis in original). The plaintiff-couple did not allege that the defendant-mortgage company furnished the information pursuant to Sections 1681g, 1681h, or 1681m, but did allege the defendant furnished false information with malice and willful intent to injury. Therefore, the court concluded that Section 1681h(e) did not operate to preempt their state common law claims.

In other words, *Sites* establishes that Section 1681h(e) carves out a common law exception under the FCRA, in which a plaintiff is not preempted by the federal provision from asserting a common law cause of action for defamation, invasion of privacy, or negligence against a furnisher of allegedly false information **as long as** he or she pleads that the false information was furnished with malice or willful intent to injure that plaintiff.

Turning to the present matter, contrary to the Dietzes' argument, *Sites* established that Section 1681h(e) applies to "furnishers

---

**6.** 73 P.S. §§ 201–1 to –9.3.

of information." Both parties do not deny that Chase qualifies solely as a "furnisher of information" based on the facts of the case. Moreover, the Dietzes raised common law causes of action for negligence and defamation as specified under Section 1681h(e). However, unlike *Sites,* the Dietzes did not plead that Chase furnished the false information regarding their alleged failure to make payments with malice or willful intent to injure them. Therefore, Section 1681h(e) preempts the Dietzes' claims for negligence and defamation.[7]

Next, we turn to *Islam, supra,* which the trial court relied on to find the Dietzes' claims were preempted under the FCRA pursuant to Section 1681t(b)(1)(F). While we find *Sites* more persuasive in this appeal, *Islam* is also instructive in our analysis.

In *Islam,* the plaintiff-couple filed a complaint against the defendant-mortgage company after they attempted to refinance their home and pay off their mortgage. The couple alleged their final payment was untimely credited and the defendant undertook aggressive collections efforts and made false reports to credit reporting agencies.[8] The couple raised 11 causes of action, including negligence and negligent infliction of emotional distress.

In analyzing both Sections 1681h(e) and 1681t(b)(1)(F), the United States District Court for Massachusetts took a different approach than the district court in *Sites* and found the following:

> Because the [the plaintiffs] allege sufficient malice to meet the standard of *Section 1681h(e),* their negligence claims thus would not be preempted. Upon a

closer reading of *Section 1681h(e),* however, it becomes clear—at least in this case—that reconciliation is not necessary. Despite the contrary assumption in most of the cited cases, Sections 1681h(e) and 1681t(b) usually are not in conflict. The Court instead is persuaded by Chief Judge John Heyburn that Section 1681h(e) is not a preemption provision at all. *See Webb v. Bob Smith Chevrolet, Inc.,* 2005 U.S. Dist. LEXIS 21483, No. Civ.A.3:04 CV 66 H, 2005 WL 2065237, at *4–5 (W.D.Ky. Aug. 24, 2005); *McAnly v. Middleton & Reutlinger, P.S.C.,* 77 F.Supp.2d 810, 814 (W.D.Ky.1999). Rather, *Section 1681h(e)* is "a quid pro quo grant of protection for statutorily required disclosures." *McAnly,* 77 F.Supp.2d at 814.

. . .

> *Section 1681h(e)* was and is not implicated unless the cause of action is "based on information disclosed pursuant to *section 1681g, 1681h,* or *1681m* of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report...." 15 U.S.C. § 1681h(e); see *McAnly,* 77 F.Supp.2d at 814. The existence of Section 1681t(b) does not change this. *Sections 1681g* and *1681h* deal with disclosure of information by credit reporting agencies. *Section 1681m* and the remaining portion of the quoted language deal with disclosure of information by users of information who then take adverse action against consumers based on that information. [The defendant] is not a credit reporting agency and here is not

---

7. We note we "may affirm the trial court's order on any valid basis." *Plasticert, Inc. v. Westfield Ins. Co.,* 923 A.2d 489, 492 (Pa.Super.2007).

8. The defendant in *Islam* also failed to inform the credit reporting agencies of the error for over a year after it was discovered.

sued in its capacity as a user of credit reports. Moreover, it is not alleged to have taken any adverse action against the [the plaintiffs] based on information in the [the plaintiffs]' credit report; [the defendant], rather, is the alleged furnisher of the incorrect information. *Section 1681h(e)* simply is not applicable to this case. *Only Section 1681t(b)* applies here.

*Islam,* 432 F.Supp.2d at 193–194 (some citations omitted; italics in original).

Pursuant to the *Islam* court's interpretation of the two FCRA sections, a court must first examine the genesis of the plaintiff's claim. If the cause of action is based on information disclosed under Sections 1681g, 1681h, or 1681m regarding credit reporting agencies and users of credit reporting information, then Section 1681h(e) is implicated. However, if the subject matter relates to the responsibilities of the "furnishers of information" as set forth in Section 1681s–2, then Section 1681t(b)(1)(F) applies and covers all state claims to the extent that they rely on a common law cause of action in reporting of inaccurate information to a credit reporting agency. Unlike *Sites, Islam* ignores the language in Section 1681h(e) regarding "any person who furnishes information to a consumer reporting agency," and thereby renders it superfluous.

If we were to apply *Islam* to the present matter, the Dietzes' claims would also be preempted under Section 1681t(b)(1)(F) because of the subject matter, in that the Dietzes allege Chase furnished false information to several credit reporting agencies.

Lastly, the recent federal district court decision in *Shannon, supra,* provides another reasonable interpretation of the FCRA preemption laws.

In *Shannon,* the plaintiff-couple sued the defendant-consumer reporting agency after the defendant received notice of the plaintiffs' payment dispute with a third party and then sent an automated consumer dispute verification to the third party. The couple alleged several causes of action, including common law doctrines of negligence and invasion of privacy/false light. *Shannon,* 764 F.Supp.2d at 717. They also claimed willful noncompliance and negligence under the FCRA pursuant to 15 U.S.C. § 1681i(a).

In analyzing the plaintiffs' common law claims, the district court stated:

[U]nless a plaintiff alleges willfulness in pursuing its common law claims, the FCRA provides the exclusive remedy. By definition, a plaintiff cannot allege willful negligence. *See Johnson v. Citimortgage, Inc.,* 351 F.Supp.2d 1368, 1379–80 (N.D.Ga.2004) ("[W]here there is a requirement of 'malice or willful intent to injure' there is no cause of action for negligence. Because negligence claims, by definition, are not premised upon Defendant's malice or willful intent to injure, negligence claims are preempted by § 1681h(e)."). Therefore, the only negligence action that Plaintiff can pursue is a negligence action under the FCRA. In sum, [the court] grant[s] Defendant's motion for summary judgment on Plaintiffs [sic] negligence claims to the extent Plaintiff brings those claims outside of the FCRA, but den[ies] Defendant's motion for summary judgment on Plaintiff's negligence claims to the extent Plaintiff brings those claims under the FCRA, for the reasons outlined in [the court's analysis for the plaintiff's negligence claims pursuant to Section 1681i(a) ].

*Shannon,* 764 F.Supp.2d at 727–728 (footnote omitted; italics in original). The court also denied the plaintiffs' invasion of privacy claim because they did not produce

any evidence of "malice or willful intent to injure" as required under Section 1681h(e). *Id.* at 728.

While *Shannon* dealt with a defendant who was a consumer reporting agency as opposed to a furnisher of information, this dissimilarity is negligible to the substance of the holding. *Shannon* points out that one may not allege willful negligence and therefore, a common law cause of action for negligence will always be preempted by Section 1681h(e). *Shannon* also notes FCRA does provide for negligence causes of action pursuant to Section 1681i(a) as long as the plaintiff meets his or her burden under that provision. Lastly, the court in *Shannon* reiterated the requirement that a plaintiff must demonstrate "malice or willful intent to injure" to survive preemption under Section 1681h(e).

Applying *Shannon* to the present case, the Dietzes' claims again would be preempted by the FCRA because they failed to allege negligence under the federal provision and they failed to present evidence of malice or willful intent to injure.

We recognize the federal courts are not harmonized in their holdings with respect to Sections 1681h(e) and 1681t(b)(1)(F) even under the statutory preemption approach, as evident in *Sites, Islam,* and *Shannon.* Nevertheless, under all three holdings, the Dietzes' common law causes of action are preempted under the FCRA. Accordingly, the trial court did not err in granting Chase's motion for judgment on the pleadings.

Order affirmed.