J-A19039-15

2015 PA Super 264

| | |
|---|---|
| MATTHEW RANCOSKY, ADMINISTRATOR DBN OF THE ESTATE OF LEANN RANCOSKY, AND MATTHEW RANCOSKY, EXECUTOR OF THE ESTATE OF MARTIN L. RANCOSKY,<br><br>Appellants<br><br>v.<br><br>WASHINGTON NATIONAL INSURANCE COMPANY, AS SUCCESSOR BY MERGER TO CONSECO HEALTH INSURANCE COMPANY, FORMERLY KNOWN AS CAPITAL AMERICAN LIFE INSURANCE COMPANY,<br><br>Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 1282 WDA 2014 |

Appeal from the Judgment Entered August 1, 2014
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2008-11797

BEFORE:  BENDER, P.J.E., JENKINS, J., and MUSMANNO, J.

CONCURRING AND DISSENTING OPINION BY JENKINS, J.:

FILED: December 16, 2015

I concur with the majority's decision to affirm the entry of summary judgment in favor of Conseco[1] on Martin's claims.  I respectfully dissent from the majority's decision to vacate the judgment on LeAnn's claims and

_____

[1] I use the same shorthand references to the parties as in the majority opinion.

1

remand for a new trial on LeAnn's claim for bad faith under 42 Pa.C.S. § 8371. In my view, LeAnn's bad faith claim is time-barred under Pennsylvania's two-year statute of limitations for bad faith, 42 Pa.C.S. § 5524.

The majority contends in footnote 30 of its opinion that Conseco waived the statute of limitations issue by failing to raise it in post-verdict motions. I am constrained to disagree.

At the close of evidence during trial, Conseco moved for a directed verdict on LeAnn's bad faith claim based on the statute of limitations. N.T., 6/27/14, at 168-72. The trial court took the motion for directed verdict under advisement. *Id*. at 172. Subsequent to trial, the trial court entered a decision in favor of Conseco on the merits, finding that LeAnn failed to present clear and convincing evidence of bad faith. Verdict, 7/3/14, at 1-2. The trial court did not address the statute of limitations issue.

As the verdict winner, Conseco could not file post-verdict motions objecting to the trial court's failure to decide the statute of limitations issue. ***DeFazio v. Labe***, 507 A.2d 410, 414 (Pa.Super.1986) ("[because] judgment n.o.v. is the directing of a verdict *in favor of the losing party,* despite a verdict to the contrary … we must therefore agree with the lower court that appellees, as *verdict winners,* lack standing to move for a

judgment n.o.v.") (emphasis in original).[2] Because Conseco lacked standing, as the verdict winner, to file post-verdict motions in the trial court seeking judgment n.o.v. on the statute of limitations, Conseco did not waive its statute of limitations argument in this Court.

In addition, the evidence demonstrates, as a matter of law, that LeAnn's claim is time-barred. This Court has the authority to affirm the trial court on the basis of the statute of limitations, even though the trial court decided the case on another ground. "[W]e are not bound by the rationale of the trial court and may affirm on any basis." *Richmond v. McHale*, 35 A.3d 779, 786 n. 2 (Pa.Super.2012).

Under Pennsylvania law, a bad faith action under 42 Pa.C.S. § 8371 is subject to a two-year statute of limitations. *Ash v. Continental Ins. Co.*, 932 A.2d 877, 885 (Pa.2007). In general, a claim accrues when the plaintiff is harmed. *Adamski v. Allstate Ins. Co.*, 738 A.2d 1033, 1042-43 (Pa.Super.1999). In other words, "a statute of limitations begins to run as soon as the right to institute suit arises. This is true regardless of whether the full extent of harm is known when the action arises." *Id*. "Whether a

_____

[2] The Supreme Court granted *allocatur* in *DeFazio* but split 3-3 concerning whether verdict winners lack standing to move for judgment n.o.v. *DeFazio v. Labe*, 543 A.2d 540, 541-45 (Pa.1988). Thus, the Superior Court's decision in *DeFazio* was affirmed on this issue, *Id*., and it remains good law today. *See Marks v. Nationwide Ins. Co.,* 762 A.2d 1098, 1101 (Pa.Super.2000) (decision of Superior Court remains precedential until it has been overturned by Supreme Court).

complaint is timely filed within the limitations period is a matter of law for the court to determine." ***Crouse v. Cyclops Indus.***, 745 A.2d 606, 611 (Pa.2000). "Once a cause of action has accrued and the prescribed statutory period has run, an injured party is barred from bringing his cause of action." ***Fine v. Checcio***, 870 A.2d 850, 857 (Pa.2005).

Pennsylvania courts have held that a bad faith claim under 42 Pa.C.S. § 8371 is deemed to have accrued at the point the claim for insurance benefits is first denied. ***See***, ***e.g.***, ***Ash v. Continental Ins. Co.***, 861 A.2d 979, 984 (Pa.Super.2004) (two-year limitation period began running at initial denial of coverage for damage to insured's property under first-party fire policy), ***aff'd***, 932 A.2d 877 (Pa.2007); ***Adamski***, 738 A.2d at 1040 (limitation period under section 8371 began to run upon first occurrence of refusal to pay). Thus, the statute of limitations begins running when the insurer sends a letter denying a claim, even where the insurer later agrees to re-evaluate a decision to deny benefits at the request of the insured. ***See***, ***e.g.***, ***Jones v. Harleysville Mut. Ins. Co.***, 900 A.2d 855, 858-59 (Pa. Super.2006) (statute of limitations began running when insurer first issued letter denying claim for property damage under fire policy; rejecting argument that statute of limitations did not begin running until after insurer conducted additional investigation and sent another letter reaffirming previous decision to deny coverage); ***see also Cozzone v. AX4 Equitable Life Ins. Soc.***, 858 F.Supp.2d 452, 459 (M.D.Pa.2012) ("an insurance company's willingness to reconsider its denial does not toll the statute of

limitations, as the limitations period runs from the time when Plaintiff's claim was first denied").[3] The bad faith statute also begins running when the insurer sends a letter terminating the policy for failure to make timely premium payments. *See Bariski v. Reassure America Life Ins. Co.*, 834 F.Supp.2d 233, 237 (M.D. Pa. 2011). Nor can the plaintiff extend the limitations period by arguing that the insurer's bad faith conduct was continuing, because the plaintiff is not entitled to "separate initial and continuing refusals to provide coverage into distinct acts of bad faith." *Adamski*, 738 A.2d at 1042; *see also CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F.Supp.2d 354, 365 (E.D.Pa. 2009) ("where an insurer clearly and unequivocally puts an insured on notice that he or she will not be covered under a particular policy for a particular occurrence, the statute of limitations begins to run and the insured cannot avoid the limitations period by asserting that a continuing refusal to cover was a separate act of bad faith").

In this case, on March 9, 2005, Conseco sent a letter to LeAnn advising that her policy lapsed. Exhibit D-17. Despite this lapse, on March 27, 2006, LeAnn sent Conseco a claim form seeking payment of additional benefits. Exhibit D-34. In a letter dated April 12, 2006, Conseco denied this

_____

[3] Although decisions of federal district courts are not binding on Pennsylvania courts, we may still consider them persuasive authority. *See Dietz v. Chase Home Finance, LLC*, 41 A.3d 882, 886 n.3 (Pa.Super.2012).

claim and advised LeAnn that "Your CANCER insurance coverage ended on 5-24-03. Therefore, we cannot pay any benefits to you for the claims you submitted." Exhibit D-39. The April 12, 2006 letter was the only denial of a claim for payment of benefits that Conseco sent to LeAnn.

On September 8, 2006, Conseco received a WOP Claim Form from LeAnn which Dr. Krivak signed and dated on August 28, 2006 and which identified the starting disability date due to cancer as "3-27-2006-New Chemo Regimen." Exhibit D-43-2. In a letter dated September 21, 2006, Conseco denied this request for WOP benefits and again advised LeAnn that "Your CANCER insurance coverage ended on 5-24-03. Therefore, we cannot pay any benefits to you for the claims you submitted." Exhibit D-45.

To the extent LeAnn could commence an action against Conseco for bad faith for refusal to pay her claim for monetary benefits, this right accrued on April 12, 2006, when Conseco denied LeAnn's claim for payment. To the extent Leann could commence an action against Conseco for bad faith in lapsing her Policy, that right accrued either on March 9, 2005, when Conseco first advised LeAnn that her policy had lapsed, or on September 21, 2006, when Conseco denied LeAnn's request for WOP and advised that her coverage ended on May 24, 2003. There were no benefit denials under the Policy either for a claim payment or WOP after September 21, 2006. Therefore, at the latest, the two-year bad faith statute of limitations began running on September 21, 2006. LeAnn instituted this action via writ of

summons on December 22, 2008, more than two years after September 21, 2006. Docket Entries, at 5. Therefore, her bad faith claim is time-barred.

I disagree with LeAnn's claim that the statute of limitations commenced when Conseco sent a letter to LeAnn dated January 5, 2007 in response to her November 30, 2006 letter. Exhibit D-50. This letter did not make any denials of claims or benefits but merely summarized the history with respect to LeAnn's claims, explained why the policy previously lapsed, explained that several claims were paid in error but that Conseco did not plan to seek reimbursement for those funds, and enclosed a duplicate copy of the Policy for LeAnn's review. *Id*. As the authorities cited above demonstrate, Conseco's letter explaining its prior denial of benefits and WOP did not toll the statute. *See Jones*, *Cozzone*, *supra*.

For these reasons, I respectfully dissent from the majority's decision on LeAnn's bad faith claim on the ground that the trial court properly entered a verdict in favor of Conseco on LeAnn's bad faith claim.